UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE SIMMONS,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

Hon. Hala Y. Jarbou

Case No. 1:23-cv-290

## REPORT AND RECOMMENDATION

Plaintiff initiated this action March 20, 2023, against the Commissioner of Social Security. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper, (ECF No. 6), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be dismissed.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff initiated this action because he is upset that the Social Security Administration is deducting $90.50 monthly from his benefit checks "to pay [Plaintiff's] obligation for child support."   Plaintiff asserts that he "rejected and denied any and all consent" to the state court order regarding his paternity and obligation to pay child support.   Despite Plaintiff's protestations, the Social Security

Administration has apparently proceeded with its efforts to recoup the amounts in question. Plaintiff alleges that this violates his rights under the Fifth and Thirteenth Amendments.

Social Security benefits are generally immune from garnishment, attachment, or other legal process. *See* 42 U.S.C. § 407. An express exception to this limitation exists, however, "to enforce the legal obligation of the individual to provide child support or alimony." 42 U.S.C. § 659(a); *see also*, *McPherson v. Social Security Administration*, 2010 WL 1609975 at *1-2 (M.D. Tenn., Mar. 5, 2010). Thus, the decision by the Social Security Administration to enforce a state court order obligating Plaintiff to pay child support is not unlawful.

The United States "is immune from suit save as it consents to be sued" and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *See, e.g., Walls v. Astrue*, 2011 WL 4526800 at *3 (W.D. Tenn., Sept. 28, 2011) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The statute authorizing Defendant to garnish Plaintiff's Social Security benefits reserves for the United States sovereign immunity "against all but the narrowest of procedural challenges." *McPherson*, 2010 WL 1609975 at *2 (quoting 42 U.S.C. § 659(f)).

Specifically, the statute provides that the United States is not liable "with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if the payment is made in accordance with this section and the regulations issued to carry out this section."

42 U.S.C. § 659(f)(1). Accordingly, the Court is "without jurisdiction to entertain a claim against the Social Security Administration over its compliance with a garnishment order that is not alleged to be irregular on its face." *McPherson*, 2010 WL 1609975 at *2.

Plaintiff does not allege that the garnishment order is irregular. Likewise, Plaintiff does not allege that the Social Security Administration, in garnishing his benefits, is doing so in a manner contrary to the relevant regulations. Rather, Plaintiff merely disagrees with the determination, made by a state court, that he must pay child support. To the extent Plaintiff believes that the state courts mistakenly ordered him to pay child support, his recourse is to pursue his avenues of appeal in state court as jurisdiction does not lie in this Court to challenge or appeal decisions rendered by a state court. *See Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *Durham v. Haslam*, 528 Fed. Appx. 559, 562-63 (6th Cir., June 13, 2013).

State court orders are presumed to be valid. *See, e.g, Smith v. Kim*, 2006 WL 1320483 at *3 (N.D. Cal., May 15, 2006) (pursuant to 42 U.S.C. § 659(f), when assessing whether a state court order is "regular on its face," state court orders "bear[] a presumption of regularity"). Merely alleging that an order is irregular is insufficient. *Ibid*. Again, Plaintiff does not allege that the state court orders in question are irregular. It should be noted that allegations that the garnishment order was fraudulently obtained, issued in the absence of jurisdiction, or simply entered in error are insufficient to establish irregularity. *See McPherson*, 2010 WL

1609975 at *2. A review of the orders attached to Plaintiff's complaint reveals no facial irregularity. *Ibid.* Accordingly, the undersigned recommends that this matter be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that this matter be dismissed without prejudice for lack of subject matter jurisdiction. *See State by & through Tenn. Gen. Assembly*, 931 F.3d 499, 519 (6th Cir. 2019) (when a court lacks subject-matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause") (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)); *see also, Davis v. Colerain Township, Ohio*, 51 F.4th 164, 176 (6th Cir. 2022) (indicating that dismissal for lack of subject-matter jurisdiction is without prejudice).

For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such by Plaintiff would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                              Respectfully submitted,

Date: April 18, 2023                        /s/ Phillip J. Green  
                                              PHILLIP J. GREEN  
                                              United States Magistrate Judge