UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE SIMMONS,

      Plaintiff,

                                  Case No. 1:23-cv-290

v.

                                  Hon. Hala Y. Jarbou

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## OPINION

This suit involves claims against the Commissioner of Social Security concerning the garnishment of Plaintiff Lawrence Simmons's benefits by the Social Security Administration ("SSA"). On April 18, 2023, the Magistrate Judge issued a Report and Recommendation (R&R) recommending that the case be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction (ECF No. 14). Before the Court are Plaintiff's objections to the R&R (ECF No. 15).[1]

## I. FACTUAL BACKGROUND

On September 26, 2022, the Kalamazoo County Friend of the Court served the SSA with an order requiring it to garnish $90.50 from Plaintiff's monthly benefits due to unpaid child support obligations. (9/26/2022 Garnishment Order, ECF No. 19.) On October 11, 2022, the SSA sent Plaintiff a letter informing him that it would begin garnishing his benefits starting in November

---

[1] On June 9, 2023, Plaintiff filed a "Response to Defendant's Response to Plaintiff's Objection" and "Memorandum of Law for Judgment on the Pleading." (ECF No. 21.) The Local Rules allow for only an objection and response, not an additional reply. *See* W.D. Mich. LCivR 72.3(b). However, the Court will incorporate any relevant arguments from Plaintiff's reply into its analysis.

2022 in accordance with "court order number 030004182 concerning your responsibility for child support, alimony, or court ordered victim restitution."  (10/11/2022 Letter from SSA, ECF No. 1-3, PageID.25.)  Plaintiff responded with a letter requesting documents related to the order and stated that the order number provided was "more than likely erroneous."  (10/18/2022 Letter from Simmons, ECF No. 1-3, PageID.26.)  On November 14, 2022, the SSA wrote Plaintiff back and instructed him to "direct [his] appeal to the Kalamazoo County Friend of the Court."  (11/14/2022 Letter from SSA, ECF No. 1-3, PageID.27.)  Despite Plaintiff's request, it does not appear that either letter from the SSA included the September 26, 2022, garnishment order itself.

On March 20, 2023, Plaintiff filed this suit challenging the SSA's garnishment of his benefits.  (Compl., ECF No. 1.)  Plaintiff alleges that the state court order is invalid for various reasons, including that the state court proceedings had substantive and procedural defects, that the state case involved error and fraud, that the state court lacked jurisdiction, and that the state court order was inactive or illegitimate.  (*See id.* ¶¶ 4-10.)

Plaintiff also suggests that the SSA wrongly based its garnishment on previous orders against him in the same proceeding.  (*See id.* ¶¶ 4-9.)  Plaintiff attached to his complaint various documents related to this proceeding, including an August 13, 1990, Order of Filiation from the Kalamazoo Circuit Court requiring Plaintiff to pay child support.  (Order of Filiation, ECF No. 1-3, PageID.29-31.)  The Kalamazoo Circuit Court also authorized income withholding in connection with the case in 1990, 1993, 1998, 2000, 2004, and 2018.[2]  (*See* Kalamazoo Circuit Court Orders, PageID.31-32, 36, 38, 41, 45, 51.)

_____

[2] At least one order in the case specifically references past Social Security garnishment.  (*See* 2007 Kalamazoo Circuit Court Order, ECF No. 1-3, PageID.46.)

These orders are all associated with the case number 90-1098.  (*See* Order of Filiation; *Kalamazoo Circuit Court Orders.*)  The 2022 order that led to the SSA's present garnishment of Plaintiff's benefits is also related to the 90-1098 case number.  (*See* 9/26/2022 Withholding Order, PageID.167.)  Plaintiff referenced this case number in a letter he wrote to the SSA in December of 2022.  (*See* 12/20/2022 Letter from Simmons, ECF No. 1-3, PageID.53-56.)  His complaint also repeatedly references the case number in connection with the SSA's present garnishment of his benefits.  (*See, e.g.*, Compl ¶¶ 4-9.)

## II. LEGAL STANDARD

Under Rule 72 of the Federal Rules of Civil Procedure,

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

### A. Lack of Subject Matter Jurisdiction

Plaintiff is proceeding *in forma pauperis*.  (*See* Order Granting Pl. Leave to Proceed *in Forma Pauperis*, ECF No. 6.)  When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  "[T]he vast majority of case law appears to agree, at least tacitly, that § 1915(e)(2)'s screening function includes the ability to screen for lack of subject matter jurisdiction." *Howard v. Good Samaritan Hosp.*, No. 1:21-cv-160, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022) (collecting cases); *see*

3

*also Brisco v. Jackson*, 285 F. App'x 205, 207 (6th Cir. June 27, 2008) (affirming dismissal pursuant to § 1915(e)(2) based on lack of subject matter jurisdiction).

The magistrate judge screened the complaint under the *Iqbal* and *Twombly* standard.  That standard "governs dismissals for failure to state a claim under [§ 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)."  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  A complaint need not contain detailed factual allegations, but a plaintiff's allegations must include more than labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The magistrate judge recommended that the case be dismissed for lack of subject matter jurisdiction because Plaintiff's claims are barred by sovereign immunity.  Because the magistrate judge did not have access to the September 26, 2022, garnishment order, his conclusion was based on the earlier orders from the same proceeding that Plaintiff provided.  The September 26, 2022, order was later provided to the Court in the SSA's response to Plaintiff's objections.  (*See* 9/26/2022 Withholding Order.)[3]  Though the Court incorporates the 2022 order into its analysis, it reaches the same conclusion as the magistrate judge.

"The doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States unless the government has consented to suit."  *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997); *see also United States v. Testan*, 424 U.S. 392, 399 (1976).  The federal government can garnish payments when states order it "to enforce the legal obligation of the individual to provide child support."  42 U.S.C. § 659(a).  This includes Social Security

_____

[3] The SSA also sent the order to Plaintiff at that time.  (*See* Pl.'s Reply, PageID.183.)

benefits.  *See McPherson v. Soc. Sec. Admin.*, No. 1:09-0063, 2010 WL 1609975, at *1-2 (M.D. Tenn. Mar. 5, 2010), *report and recommendation adopted,* No. 1:09-0063, 2010 WL 1609676 (M.D. Tenn. Apr. 20, 2010).  Under 42 U.S.C. § 659(f)(1), federal officials cannot "be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if the payment is made in accordance with this section and the regulations issued to carry out this section."  42 U.S.C. § 659(f)(1).  This "effectively reserve[s] sovereign immunity against all but the narrowest of procedural challenges." *McPherson*, 2010 WL 1609975 at *2.

"Accordingly, [a federal] court would be without jurisdiction to entertain a claim against the Social Security Administration over its compliance with a garnishment order that is not alleged to be irregular on its face."  *Id.*; *see also United States v. Morton*, 467 U.S. 822, 836 (1984). Furthermore, "[b]ecause 'it is generally true that a judgment by a court of competent jurisdiction[4] bears a presumption of regularity,' [a plaintiff] must allege more than a legal conclusion that the state court order is not 'regular on its face.'"  *Smith v. Kim*, No. C 05-01439 JF, 2006 WL 1320483, at *3 (N.D. Cal. May 15, 2006) (quoting *Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940)) (internal citations omitted).

As an initial matter, Plaintiff appears to object to the applicability of 42 U.S.C. § 659, contending instead that Defendant's sovereign immunity is waived by the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, *et. seq.*  (*See* Pl.'s Obj. to R&R, ECF No. 15, PageID.152.) However, "the APA's waiver of immunity comes with an important carve-out: The waiver does not apply 'if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought' by the plaintiff."  *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v.*

---

[4] As explained below, Plaintiff raises a challenge to the state court's jurisdiction, but this challenge is meritless.

*Patchak*, 567 U.S. 209, 215 (2012) (quoting 5 U.S.C. § 702).  "That provision prevents plaintiffs

from exploiting the APA's waiver to evade limitations on suit contained in other statutes."  *Id.*

Since 42 U.S.C. § 659 explicitly bars most suits against the United States related to garnishment,

Plaintiff cannot use 5 U.S.C. § 702 to get around this limitation.[5]

Applying 42 U.S.C. § 659, the magistrate judge concluded that Plaintiff cannot overcome

sovereign immunity because he is primarily challenging the state court proceedings that led to the

garnishment, not the facial regularity of the state court order.  Plaintiff, on the other hand, objects

that he is challenging the order's regularity.  (*See* Pl.'s Obj. to R&R, PageID.143.)  Plaintiff

contends that the state court order was wrong and fraudulent, that past orders are inactive, and that

the state court lacked personal jurisdiction over him.  (*See id.*, PageID.143-149.)

When determining facial validity under § 659, the SSA must only use information "'on the

face' of the writ of garnishment," not any outside "information provided by the obligor."  *Morton*,

467 U.S. at 829.  Accordingly, "[a]llegations that the writ of garnishment is invalid because it was

fraudulently obtained . . . are not challenges to the facial validity of the writ."  *McPherson*, 2010

WL 1609975, at *2.  Furthermore, "[t]he statutory requirement that the garnishee refer only to the

'face' of the process is patently inconsistent with the kind of inquiry that may be required to

ascertain whether the issuing court has jurisdiction over the obligor's person."  *Morton*, 467 U.S.

at 829.  Here, the SSA could not have determined that the September 26, 2022, order had the

problems Plaintiff alleges without the sort of comprehensive inquiry that, according to *Morton*, is

inconsistent with the statute.[6]  Plaintiff's disagreements with the state court are simply not

---

[5] Courts regularly dismiss cases based on 42 U.S.C. § 659's sovereign immunity provisions, notwithstanding the existence of 5 U.S.C. § 702.  *See, e.g.*, *El-Amin v. Kijakazi*, No. 4:21-cv-2060, 2022 WL 3337277, at *8 (M.D. Penn. May 31, 2022) ("Given [§ 702's] clear statutory directive, a rising tide of caselaw has held that efforts by Social Security recipients . . . to collaterally challenge support orders in federal court fail as a matter of law.").

[6] Plaintiff's reply suggests that his repeated allegations about the inactive nature of the state court order are references to an expired statute of limitations.  (*See* Pl.'s Reply, PageID.184.)  To the extent that Plaintiff contends the state court

reviewable by this Court.  *See Durham v. Haslam*, 528 F. App'x 559, 563 (6th Cir. 2013) ("[T]he *Rooker–Feldman* doctrine bars 'cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments.'") (quoting *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Plaintiff also points out that the magistrate judge did not have access to the September 26, 2022, order when he made his recommendation.  (*See* Pl.'s Obj. to R&R, PageID.147.)  The magistrate judge concluded that the earlier orders from the same child support proceeding appeared facially valid.  The September 26, 2022, order has now been provided to the Court, and, as explained above, it also appears facially valid.  Because the SSA was following a facially valid court order, sovereign immunity bars Plaintiff's claims.

The SSA's sovereign immunity also survives Plaintiff's claims about the state court's lack of subject matter jurisdiction.  42 U.S.C. § 659 requires that the state court issuing the garnishment order be "of competent jurisdiction."  42 U.S.C. § 659(i)(5).  The Supreme Court has interpreted this phrase to mean subject matter jurisdiction but not personal jurisdiction, because the latter would not be evident based on an order's face.  *See Morton*, 467 U.S. at 828-29.  Federal courts applying 42 U.S.C. § 659 have confirmed that state courts are of competent jurisdiction based on a general inquiry into their subject matter jurisdiction.  *See, e.g.*, *Trimble v. U.S. Soc. Sec.*, 369 F. App'x 27, 32 (11th Cir. 2010), *cert. denied*, 561 U.S. 1032 (2010) ("[T]he state court order directing that the SSA garnish [the plaintiff's] benefits was entered by a state court that was competent to adjudicate matters involving child support.").  The Circuit Court for the County of

---

cannot issue a 2022 order due to an expired statute of limitations, that is not something the SSA would know from the face of the order, and therefore does not affect sovereign immunity.  To the extent that Plaintiff contends the garnishment was based only on decades-old and allegedly expired court orders—as he suggests in his complaint (*see* Compl. ¶ 9)—this was disproven by Defendant providing the 2022 court order that the garnishment was based on. Plaintiff's reply suggests that, since receiving the order, he recognizes its existence but believes it is fraudulent.  (*See* Pl.'s Reply, PageID.183, 186.)

Kalamazoo is a Michigan court.  "It is uncontested that Michigan courts have jurisdiction to award child support."  *L.M.E. v. A.R.S.*, 680 N.W.2d 902, 907 (Mich. App. 2004).  Therefore, the Kalamazoo Circuit Court is a court of competent jurisdiction, and sovereign immunity applies.

Finally, the SSA did not waive sovereign immunity by not sending the September 26, 2022, garnishment order with its initial October 11, 2022, letter to Plaintiff.  The SSA seems to have not provided the order when it informed Plaintiff that it was garnishing his benefits, or even when he later asked for documentation.  Plaintiff takes this as an indication that no 2022 order exists, and that the SSA wrongly garnished his benefits based on an old document.  (*See* Compl. ¶¶ 9-10.)  He also claims he is "not sure if [the order referred to] is for child support, alimony, or court ordered victim restitution . . . against or in the name of plaintiff."  (Pl.'s Obj. to R&R, PageID.151.)  The SSA eventually provided the 2022 garnishment order to Plaintiff in May 2023, as he acknowledges in his reply.[7]  (*See* Pl.'s Reply, ECF No. 21, PageID.183.)

By not attaching the September 26, 2022, garnishment order in its letter to Plaintiff, the SSA failed to follow the statutory requirements.  When the SSA garnishes benefits, it must "send written notice of the notice or service (together with a copy of the notice or service)." 42 U.S.C. § 659(c)(2)(A); *see also* 5 C.F.R. § 581.302(a)(1) (requiring that the SSA notify the obligor and "includ[e] a copy of the legal process").

However, Plaintiff's argument that the SSA's notification failure waives sovereign immunity is unpersuasive.  The SSA's initial letter explained that it was garnishing Plaintiff's benefits due to his "responsibility for child support, alimony, or court ordered victim restitution." (10/11/2022 Letter from SSA, PageID.25.)  This created sufficient notice for Plaintiff to connect

---

[7] Plaintiff does not view the order provided to him as adequate because he wants "the underlying support order" that led to the income withholding order.  (Pl.'s Reply, PageID.183.)  However, the SSA is only required to send "the notice or service" that was sent to the government, not any underlying orders.  42 U.S.C. § 659(a).

the garnishment to the existing child support case to which he was a party.  Based on the documents Plaintiff attached to his complaint, he knew that he was a defendant in a decades-long state court case related to unpaid child support.  He knew that the case had led to income withholding orders in 1990, 1993, 1998, 2000, 2004, and 2018.  And he could have inferred that this garnishment was another result of that case.  Indeed, Plaintiff's own filings indicate that he made the connection to the child support case.  Before the SSA had given him the order or the case number, Plaintiff referenced the 90-1098 child support case in a letter to the SSA.  (*See* 12/20/2022 Letter from Simmons, PageID.54.)  His complaint also repeatedly references the case.  (*See, e.g.*, Compl. ¶¶ 4-9.)

In *McPherson*, the court held that sovereign immunity applies unless the government's lack of proper notice creates "sufficient prejudice for the imposition of liability."  *McPherson*, 2010 WL 1609975, at *2 (citing *Millard*, 916 F.2d at 10-11).  There, the SSA allegedly notified the plaintiff about a garnishment order but did not send the order itself.  *Id.*  The court held that this did not waive sovereign immunity because only one benefit check was garnished before the plaintiff received the order, and "the debtor had ample opportunity to challenge the validity of all withholdings in the state court from whence the garnishment order came."  *Id.*  Similarly, here, the SSA did not cause sufficient prejudice to Plaintiff to waive sovereign immunity.  The letter included a reference to child support and an order number, which allowed Plaintiff to make the connection to the state court case and challenge it if he wished.[8] Because the letter gave Plaintiff enough information to understand what had led to the garnishment, sovereign immunity applies and the Court lacks subject matter jurisdiction over Plaintiff's claims.

---

[8] Plaintiff has previously tried and failed to challenge the original child support order in state court.  (*See, e.g.*, 2007 Kalamazoo Circuit Court Order (denying Plaintiff relief from judgment because "[t]he time to appeal the court's original order dated August 13, 1990 has long past (sic)").)

### B. Plaintiff's Other Objections

Plaintiff raises various additional objections to dismissal.  As explained below, these objections are meritless.

First, Plaintiff argues that the magistrate judge was not properly assigned to this case.  (*See* Pl.'s Obj. to R&R, PageID.141-142.)  28 U.S.C. § 636(b)(1) allows district judges to "designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations."  *Id.*  This case was assigned to the magistrate judge because it was related to another case.  (*See* Case Assignment Review, ECF No. 4; *see also* W.D. Mich. LCivR 3.3.1(d)(iii)(B).)  Defendant then asked for a district judge to be assigned. (*See* Notice Concerning Joint Statement Regarding Consent, ECF No. 9.)  Pursuant to Local Rule 3.3.1(a), a district judge was randomly assigned and the case was "referred to the originally assigned magistrate judge under 28 U.S.C. § 636(b)(1)."  (W.D. Mich. LCivR 3.3.1(a); *see also* Notice of Assignment, ECF No. 12.)  Plaintiff is also incorrect that the magistrate judge needed a signed order from a district judge to be assigned to the case.  *See United States v. B & D Vending, Inc.*, 398 F.3d 728, 732 (6th Cir. 2004).  Finally, since this Court reviews objections to the R&R *de novo*, any improper assignment of the case to the magistrate judge would not prejudice Plaintiff.  *See id.* at 732.

Next, Plaintiff contends that 28 U.S.C. § 636 does not give magistrate judges the authority to examine *in forma pauperis* complaints under 28 U.S.C. § 1915(e)(2) without an answer or motion to dismiss.  (*See* Pl.'s Reply, PageID.178.)  To the contrary, 28 U.S.C. § 636(b)(1)(B) allows magistrate judges to recommend *sua sponte* dismissal under § 1915(e)(2).  *Clemons v. Ohio Bureau of Workers' Comp.*, No. 17–4092, 2018 WL 1845871, at *2 (6th Cir. Mar. 8, 2018) (affirming a district court's adoption of an R&R recommending *sua sponte* dismissal under § 1915(e)(2)); *Strodder v. Caruso*, No. 06-10251, 2007 WL 2080416, at *1 (E.D. Mich. July 19, 2007) (adopting a magistrate judge's recommendation of *sua sponte* dismissal under § 1915(e)(2));

*Pirtle v. City of Jackson Police Dep't*, No. 19-1132-JDT-jay, 2020 WL 1275616, at *3 (W.D. Tenn. Mar. 17, 2020) (same).  The R&R here was proper.

Plaintiff also objects to the magistrate judge's screening of his complaint under 28 U.S.C. § 1915(e)(2) because he contends that he did not choose to proceed *in forma pauperis* under that statute.  (*See* Pl.'s Obj. to R&R, PageID.139-141.)  Plaintiff is correct that proceeding *in forma pauperis* is his own choice. *See Floyd v. U.S. Postal Serv.,* 105 F.3d 274, 276 (6th Cir. 1997).  However, he made that choice by filing an "Application to Proceed in District Court Without Prepaying Fees or Costs."  (ECF No. 2.)  "[N]on-prisoners are afforded the ability to seek pauper status in federal court and must file an affidavit of indigency." *Floyd*, 105 F.3d at 277.  Plaintiff filed the required affidavit along with his Application to Proceed in District Court Without Prepaying Fees or Costs, and in it he referred to "Pauperis" status and "Title 28 USC, Sec. 1915." (Simmons Aff., ECF No. 2-1, PageID.71-72.)  Accordingly, the magistrate judge granted Plaintiff pauper status on March 23, 2023. (*See* Order Granting Leave to Proceed *in Forma Pauperis*.) Plaintiff further suggests that his pauper status comes from this Court's local rules and Federal Rule 83(b), rather than § 1915, but the relevant local rules reference § 1915.  *See* W.D. Mich. LCivR 3.4(a).  Plaintiff is also incorrect that § 1915(e)(2) screening does not apply because he is not incarcerated.  "The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners." *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997.) Therefore, Plaintiff is proceeding *in forma pauperis,* and the magistrate judge correctly screened his complaint under § 1915(e)(2).

Finally, Plaintiff contends that the SSA has defaulted by not filing an answer to his complaint.  (*See* Pl.'s Reply, PageID.195.)  Because the Court lacks subject matter jurisdiction, it cannot enter a default judgment.  Plaintiff's objection is meritless.

11

## IV. CONCLUSION

For the reasons stated above, the Court will overrule Plaintiff's objections to the R&R (ECF No. 15) and adopt the R&R (ECF No. 14) as the opinion of the Court.  Because the Court lacks subject matter jurisdiction, the Court will also deny Plaintiff's Motion for Order to Suspend and Rescind the Clerk's Action and Evidentiary Hearing Convened (ECF No. 8) as moot.

Finally, the Court will certify that any appeal by Plaintiff would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  *In re Scott*, No. 19-1290, 2020 WL 7232197, at *1 (6th Cir. Apr. 28, 2020) (quoting 28 U.S.C. § 1915(a)(3)).  "An appeal is not taken in good faith if it 'lacks an arguable basis either in law or in fact.'"  *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  Here, Plaintiff's arguments have no arguable basis in law or fact.


Dated: July 24, 2023                                      /s/ Hala Y. Jarbou
                                                         HALA Y. JARBOU
                                                         CHIEF UNITED STATES DISTRICT JUDGE